Argued September 7, affirmed September 14, 1915.

## LOUGHRAN *v.* BARKER.

(151 Pac. 475.)

**Attorney and Client—Action for Compensation—Employment—Sufficiency of Evidence.**

1. In an attorney's action for a fee, evidence on the point of employment by the defendants *held* insufficient to make out a *prima facie* case.

[As to right of attorney to recover compensation, see note in 127 Am. St. Rep. 841.]

77 Or.—22

From Multnomah: Henry E. McGinn, Judge.

Department 2.    Statement by Mr. Justice Eakin.

This is an action by Patrick H. Loughran against S. B. Barker and another.

The plaintiff alleges in his complaint that he is an attorney practicing before the Interior Department, at Washington, and that the defendants employed him to perform certain services before said Department in the procurement of a patent, which he obtained, and promised to pay him $200 therefor in case he was successful.

The answer denies the hiring of plaintiff and any promise to pay him any sum whatever, and alleges that whatever service plaintiff rendered was done at the instance of A. W. Lafferty; that they contracted with Lafferty to represent them in certain cases before the Interior Department on a contingent fee; that in 1910 Lafferty, having been elected to Congress, could not longer represent them, and they were obliged to and did employ other counsel for that purpose. Said answer further alleges that with the retirement of Lafferty from said cases all relations between the plaintiff and defendants ceased. The cause was tried before the court below without a jury, and on conclusion of plaintiff's evidence the case was dismissed by the court on its own motion, from which judgment plaintiff appeals.                           Affirmed.

For appellant there was a brief over the name of *Messrs. Westbrook & Westbrook,* with an oral argument by *Mr. J. W. Westbrook.*

For respondents there was a brief over the name of *Messrs. Fulton & Bowerman,* with an oral argument by *Mr. Jay Bowerman.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The only question presented on this appeal is: Did plaintiff make out a *prima facie* case? The evidence consists of the depositions of plaintiff and A. W. Lafferty, and of numerous copies of letters from Lafferty and other persons, some of whom were not shown to have been connected in any way with the defendants. It appears that Lafferty was employed by the defendants to represent them before the Interior Department in an endeavor to secure patents for certain homestead entries which were contested by the government, and that they agreed to pay him $400 for each patent which he might secure. Lafferty in turn agreed to pay plaintiff one half of such sum when he received the same. The only other evidence of any employment is the following letter to the Interior Department:

"January 21, 1909.

"Subject: In re the Eight Homestead Entries, The Dalles, Oregon, Land District, Listed Below.

"The Honorable Secretary of the Interior, Washington, D. C.—

"Sir: We, the undersigned, F. M. Pliter and S. B. Barker, are transferees of the eight homestead entries listed below, and we authorize P. H. Loughran, of Washington, D. C., to appear and represent us as our attorney: H. E. No. 9301, made May 6, 1901, by Charles T. Goodman; H. E. No. 8449, made August 16, 1900, by Susan Robinson; H. E. No. 9932, made May 13, 1901, by Thomas J. Henderson; H. E. No. 9516, made July 3, 1901, by Huldah J. Ball; H. E. No. 8465, made September 6, 1900, by Flora L. Montgomery; H. E. No. 8518, made September 20, 1900, by Edwin B. Wheat; H. E. No. 8521, made September 21, 1900, by Russell Newman; H. E. No. 8200, made May 5, 1900, by Thomas J. Loudermilk.

"Very respectfully,
"S. B. BARKER,
"F. M. PLITER."

It is claimed by the defendants that this letter was sent under the representation made to them that it was necessary for plaintiff to have this authority to enable him to appear before the Department in this case, and for no other purpose. From a careful reading of the evidence we are convinced that this contention is correct. The whole case shows that this letter was written upon the understanding that it was a necessary legal formula to enable plaintiff to appear before the Department in this cause, and that it was not intended by the defendants as an employment of the plaintiff, or to change in any manner the relation of the parties; and from the letters written by Mr. Lafferty and from his testimony it appears it was not so intended. The witness Lafferty conducted all the correspondence up to this time, and he says:

"Q. You do not believe, from the conversation and remarks of Mr. Barker at that time, that he understood that he was making an independent arrangement with Mr. Loughran to act as attorney, other than through you, do you?

"A. I never understood it that way.

"Q. It was made perfectly plain to Mr. Barker that Mr. Loughran was acting for you, was it not?

"A. I think that was clearly understood.

"Q. So far as you know, did Mr. Barker, prior to the time that your connection with the cases terminated, have any direct dealings with Mr. Loughran?

"None that I know of. He always came to my office to answer letters, when I would notify him that I had received any from Mr. Loughran.

"Q. The whole business, so far as you know, in connection with the Huldah J. Ball case, and so far as concerned Mr. Loughran, was conducted through your office, prior to the time you severed your connection with the case?

"A. Yes; that is true.

"Q. And you failed to persuade Mr. Barker to go ahead with Mr. Loughran in the matter?

"A. On the occasion of this last interview that I speak of, he seemed set that Mr. Loughran should get out of the case. I did not know then, and do not know now, what his motives were."

Mr. Lafferty appears to have been a perfectly fair witness; and, taking the whole case as presented by the testimony, we think plaintiff has failed to make even a *prima facie* case against the defendants, and that the court below was correct in ordering a nonsuit.

The judgment is affirmed.                AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.